NOT FOR PUBLICATION                                                                 CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br><br>$10,000 IN UNITED STATES CURRENCY,<br><br>         Defendant *in rem*. | Civil Action No.: 13-5970 (JLL)<br><br>**DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE** |

**THIS MATTER** comes before the Court by way of the Government's motion for default judgment and for a final order of forfeiture pursuant to Federal Rule of Civil Procedure 55 [Docket Entry No. 5], and it appearing that:

1. On October 8, 2013, the Government filed a Verified Complaint for forfeiture *in rem* and a warrant for arrest *in rem*, and on October 18, 2013, copies of the Verified Complaint for forfeiture *in rem*, warrant for arrest *in rem* and a Notice of Forfeiture were sent via certified mail, return receipt requested to Peter Manna, Register No. 29865-050, Federal Correctional Institution Elton, Post Office Box 10, Libson, Ohio. (Percell Decl., ¶ 4). Peter Manna confirms that he received the Verified Complaint for forfeiture *in rem*, a warrant for arrest *in rem*, and a Notice of Forfeiture on or about October 24, 2013. (Docket Entry No. 5-2). The Notice of Forfeiture specifically informed Manna that, pursuant to Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)(A), any person claiming an interest in the Defendant currency was

1

required to file a verified statement of interest on or before **November 22, 2013.** The Notice also provided that "[i]n addition, any person having filed such a conforming Claim must also file an Answer to the Verified Complaint for Forfeiture In Rem or a Motion to Dismiss in lieu of an Answer under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the conforming Claim." (Docket Entry No. 3).

2.   As no answer or motion in lieu of an answer had been filed, on January 16, 2014, default was entered against the Defendant currency for failure to appear and/or defend. Plaintiff subsequently filed the instant motion for default judgment and an order of forfeiture pursuant to Federal Rule of Civil Procedure 55.

3.   No timely opposition was filed. However, Manna did file two documents on February 7, 2014: (a) a request to dismiss the instant action and/or to consolidate it with his criminal case, Criminal No. 10-126 (Docket Entry No. 6), and (b) a document entitled "Verified Claim" (Docket Entry No. 7).

4.   To contest a judicial forfeiture, a claimant must satisfy the standing requirements of Article III and the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983 *et seq.* *United States v. $487,825.00 in U.S. Currency*, 484 F. 3d 662, 664 (3d Cir. 2007). "Statutory standing is a *threshold* issue that determines whether a party is properly before the court." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n. 9 (3d Cir. 2003) (emphasis in original). "In order for [Manna] to have statutory standing to challenge the civil forfeiture action, [he] must comply with the requirements set forth in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Supp. R. G(5)(a)(i). The most important requirement is the timely filing of a verified statement of interest. The timely filing of

2

a verified statement of interest allows the court to hear all interested parties and to resolve the dispute without delay, and it also minimizes the danger of false claims. We have emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect statutory standing." *United States v. $102,535.00 in U.S. Currency*, 499 Fed. Appx. 134, 137 (3d Cir. 2012) (citing *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007)). The requirement that the claimant file a timely verified statement "is no mere procedural technicality." *Id.* "A claimant who fails to file a verified statement has no standing to contest a forfeiture." *Id.*

5. Here, Manna did not file a timely verified statement. Instead, on November 22, 2013—the date on which the verified statement of interest was due—he filed a motion for summary judgment in his criminal case. (Crim. No. 10-126, Docket Entry No. 34). This motion for summary judgment does not qualify as a verified statement. Rather, it presents legal arguments in opposition to the Government's Verified Complaint for forfeiture. Although Manna asserts, generally, in his motion for summary judgment that at the time of his arrest, he had $10,000.00 in his possession, Manna did not verify, under penalty of perjury, that he was the lawful owner of the money, as required by Supp. R. G(5)(a)(i). To be clear, he did not verify his claim by stating, for example, his understanding that any false statements made therein were subject to penalties. *See, e.g., $102,535.00 in U.S. Currency*, 499 Fed. Appx. at 137.

6. Although Manna attempted to file the required verified statement of interest on February 7, 2014, there is no question that this filing was untimely. *See, e.g., $487,825.000 in U.S. Currency*, 484 F.3d at 665 n. 4 ("Even if the affirmation could overcome all of the obstacles discussed here and qualify as a verified statement, it was still not filed timely."). It bears noting that Manna claims (in his November 22, 2013 motion for summary judgment) that the Government

3

improperly delayed in bringing the civil forfeiture action and/or that this forfeiture action is untimely.[1] Even assuming, *arguendo*, that there was some delay, there is no indication that any such delay affected Manna's ability to timely file a verified statement of interest, nor does he allege that it did. *See, e.g., $102,535.00 in U.S. Currency*, 499 Fed. Appx. at 137. To the contrary,

---

[1] In the interest of justice, the Court has considered the various arguments raised by Manna in the summary judgment motion he filed in November 2013 in the context of his criminal action and in his request for consolidation filed in the civil forfeiture action. Based on the reasons that follow, each argument is rejected. First, Manna argues that the Defendant currency is not subject to forfeiture because it was obtained in the context of an arrest that never resulted in a criminal conviction (Crim No. 10-126, Docket Entry No. 34 at 3). Section 981(a)(1)(C) provides for the civil forfeiture of property that constitutes or is derived from proceeds traceable to a violation of, *inter alia*, 18 U.S.C. § 2342. Manna cites to no legal authority suggesting that the separate issue of whether the would-be claimant is ultimately convicted of that criminal violation is relevant in any way to *civil* forfeiture under Section 981(a)(1)(C); this argument is therefore rejected. *See, e.g., United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984) ("Mulcahey's acquittal on charges brought under § 922(a)(1) therefore does not estop the government from proving in a civil proceeding that the firearms should be forfeited pursuant to § 924(d). It is clear that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel."). Next, Manna argues that the instant civil forfeiture proceeding is untimely inasmuch as 18 U.S.C. § 984 provides for a one year statute of limitations and the Verified Complaint, filed in October 2013, was filed well over one year after the Defendant currency was seized (March 2009). (Docket Entry No. 1 at p. 2). But this civil forfeiture proceeding is brought pursuant to Section 981(a)(1)(C)—not Section 984. Pursuant to 19 U.S.C. § 1621, made applicable by 18 U.S.C. § 981(d), "no suit or action to recover any duty under section 1592(d), 1593a(d) of this title, or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered . . . ." Manna has therefore failed to show that this action—which *was* initiated within five years from the date on which the alleged offense was discovered—is untimely. Manna's separate request to consolidate his criminal case and this civil forfeiture action is also denied inasmuch as Manna provides absolutely no legal authority warranting the consolidation of his criminal case with a civil action—much less, a civil action in which he is not a party. In any event, there is no indication that Manna has been prejudiced—as he suggests—by virtue of being involved in both cases; to the contrary, Manna concedes that he received timely notice of the Verified Complaint and Notice of Forfeiture in this civil action. That Manna—who is, at most, a would-be claimant in connection with the civil forfeiture action—would prefer both matters to proceed under the same docket number is of no moment.

4

Manna concedes that he received notice of the Verified Complaint, the warrant for arrest *in rem* and the Notice of Forfeiture on or about October 24, 2013—almost a full month before the November 22, 2013 deadline. (Docket Entry No. 5-2).

7. "Because of the important interests served by requiring a verified statement, district courts are entitled to insist upon procedural regularity." *Id.* at 665-66. Here, Manna failed to timely file a verified statement. Thus, Manna has not demonstrated that he has standing to contest the instant forfeiture. *Id.* at 665 (affirming district court's entry of default judgment where potential claimant "altogether failed to file a verified [claim]" and where the purported submission was not timely filed and noting that "courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing."); *United States v. One-Sixth Share Of James J. Bulger In All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 41-42 (1st Cir. 2003) ("John Bulger's failure to file a timely claim as required by Supplemental Rule C(6)—or indeed any claim at all until years after the judgment—is sufficient on its own to disqualify him from intervention now.").

8. In the absence of a timely verified claim or a valid answer to the Government's Verified Complaint for forfeiture *in rem*, the Government is entitled to default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See, e.g., $487,825.000 in U.S. Currency*, 484 F.3d at 665. Thus, the Court will enter default judgment in favor of the Government and will order forfeiture of the Defendant currency to the Government.

Accordingly, **IT IS** on this **21st day of February 2014**,

**ORDERED** that Plaintiff's motion for Default Judgment and a Final Order of Forfeiture

[Docket Entry No. 5] is **granted** against the Defendant currency.  No right, title or interest in the Defendant currency shall exist in any other party; and it is further

**ORDERED** that the United States shall dispose of the Defendant currency in accordance with the law.

**THIS CASE IS HEREBY CLOSED.**

_____
Jose L. Linares
United States District Judge